**FILED**
**June 2, 2026**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40907-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK C. KOKKO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

HILL, J. — A jury found Derrick Kokko guilty of residential burglary. Kokko appeals his conviction, asserting insufficient evidence. We affirm.

BACKGROUND

In the early morning hours of August 22, 2024, Officer Kevin Heckathorn and Officer Brad Peters responded to a trespassing call at a residence in Clarkston, Washington. As they approached the front of the house, the officers heard thumping from inside. Peering through the front window, Officer Heckathorn observed Kokko rummaging through drawers— pulling the drawers out, shining a flashlight into them, and then pushing the drawers back in. The officers called out to Kokko to exit the home, and he complied. The exchange was captured on the officers' body cameras and

presented to the jury at trial. Kokko admitted he did not live in the home. When asked

why he was there, Kokko stated he was "looking for stuff" and a place to stay because he

didn't like staying at the nearby park. Clerk's Papers (CP) at 2.

The officers searched Kokko and confiscated a flashlight but did not find any

stolen property. Officer Peters did a walk-through inspection to assess the condition of

the house and observed that the back door's deadbolt was in the locked position, with the

door ajar and a freshly splintered door jamb. Officer Peters located Kokko's backpack

and bicycle near the back of the house.

Kokko was arrested and charged with residential burglary and malicious mischief

in the third degree. At trial, the State presented two witnesses: Officer Heckathorn and

Jennifer Orr—the owner of the residence. Officer Heckathorn testified consistently with

the information outlined above. Orr testified that the house was under renovation, and

that she had checked on the house six days prior. Orr also testified that at the time she

was there, the lock was fully functioning and that Kokko did not have permission to be in

the home.

Among the court's instructions to the jury was WPIC 60.05,[1] which allows the

jury to infer the defendant intended to commit a crime against a person or property when

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 36.51.02 at 714-15 (5d. ed. 2021) (WPIC).

the defendant remains unlawfully in a building. RCW 9A.52.040. The jury found Kokko

guilty of residential burglary and not guilty of malicious mischief in the third degree.

Kokko was sentenced and now appeals.

## ANALYSIS

Kokko maintains that the evidence, both direct and circumstantial, was insufficient

to prove that he possessed the intent to commit a crime against a person or property while

he was inside Orr's house, an essential element of the charge of residential burglary.

Specifically, Kokko argues the officers witnessing him looking inside drawers was

insufficient to establish intent because there was nothing inside the drawers and Kokko

was not in possession of stolen items when the officers contacted him.

In reviewing the sufficiency of the evidence, the question is whether, after viewing

the evidence in the light most favorable to the State, any rational trier of fact could have

found the defendant guilty of all essential elements beyond a reasonable doubt. *State v.

Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences drawn

from the evidence are interpreted in favor of the State and most strongly against the

defendant. *Id.* A claim of insufficient evidence will admit the truth of the State's

evidence, along with all inferences that can be reasonably drawn therefrom. *Id.*

A person is guilty of residential burglary "if, with intent to commit a crime against

a person or property therein, the person enters or remains unlawfully in a dwelling other

than a vehicle." RCW 9A.52.025(1). Criminal intent may be inferred from circumstantial and direct evidence of the defendant's conduct. *See, e.g.*, *State v. Cordero*, 170 Wn. App. 351, 368, 284 P.3d 773 (2012). Additionally, under RCW 9A.52.040, "any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

Kokko cites *State v. Ehrhardt* to argue that, because no stolen property was found on his person, and because there was an alternative justification for him being in the home, the State failed to present circumstantial evidence sufficient to support criminal intent. 167 Wn. App. 934, 938, 276 P.3d 332 (2012). However, *Ehrhardt* did not stand for the proposition that possession of stolen property is necessary to prove intent. In that case, the defendant was found near the scene of the crime in possession of stolen property. *Id.* at 943-44. The court determined that the possession of the property and presence near the scene was sufficient to sustain a conviction. *Id.* However, rather than requiring possession of stolen property to prove intent, the court cited that fact only as additional support for its conclusion that sufficient evidence existed to show the defendant was present with the intent to steal. *Id.*

4

Here, Kokko was not shown to have merely unlawfully entered the home. Instead, the evidence established he was actively rummaging through drawers. When contacted by law enforcement, Kokko said he was "looking for stuff." CP at 2. These facts, taken together, support a reasonable inference that Kokko entered or remained unlawfully with intent to commit a crime against property.

We conclude, in the light most favorable to the State, a rational trier of fact could have found the defendant guilty of all essential elements beyond a reasonable doubt. [2]

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Staab, C.J.

_____
Murphy, J.

---

[2] Kokko also raised two additional grounds but did not provide sufficient information or analysis for our review. We decline to address these issues so Kokko may raise them in a future personal restraint petition.